IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESTON BASS, Individually and
as parent of E.B. a minor, and
PENELOPE BASS,

      Plaintiffs,

v.                                         No. 1:26-cv-01184-SCY-LF

MUHAMED RIDA and
C.R. ENGLAND, INC.,

      Defendants.

**ORDER TO FILE RULE 7.1 DISCLOSURE AND AMEND NOTICE OF REMOVAL**

THIS MATTER is before the court *sua sponte* for jurisdictional purposes. Defendant C.R. England, Inc. ("C.R. England") removed this this case from the Second Judicial District Court of the State of New Mexico based on diversity jurisdiction. Doc. 1. Defendant Muhamed Rida filed a notice consenting to removal. Doc. 10.

Under 28 U.S.C. § 1332(a), federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28.U.S.C. § 1441(a)–(b). "[T]he ultimate burden of establishing complete diversity" lies with "the party seeking to invoke federal jurisdiction." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1306 (10th Cir. 2025); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

C.R. England has asserted that, for diversity purposes, it is a citizen of Utah.  Doc. 1 ¶ 9; Doc. 4.  However, in asserting that Plaintiffs are citizens of New Mexico and that Mr. Rida is a citizen of Oklahoma, C.R. England refers to Plaintiffs' complaint.  Doc. 1 ¶¶ 7–8, 10.  The complaint only asserts that Plaintiffs are "residents" of New Mexico and that Mr. Rida, upon information and belief, is a "resident" of Oklahoma.  Doc. 1-1 ¶¶ 1, 4.  Neither the complaint nor the notice of removal identifies the domicile of Plaintiffs or Mr. Rida.

While the Tenth Circuit has stated that "the place of residence is *prima facie* the domicile," *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), "allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity," *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).  Indeed, "the prima facie case flowing from an allegation of residence must be backed up by a district court finding, at some later point in the proceeding, as to the existence of diversity at the time of the filing of the complaint." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).  "An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Id.*  An adult's domicile is the state where the person physically resides and intends to remain indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.").  A minor's "domicile is determined by that of their parents." *Holyfield*, 490 U.S. at 48.

Federal Rule of Civil Procedure 7.1 requires a party in a diversity jurisdiction case to file a disclosure statement as to its own citizenship.  *See* Fed. R. Civ. P. 7.1(a)(2) (requiring the disclosure statement to "name—and identify the citizenship of—every individual or entity whose

2

citizenship is attributed to that party or intervenor" after an "action is filed in or removed to federal court").  In keeping with this intent, the Court orders Plaintiffs to file a Rule 7.1 disclosure statement within 14 days of the date of this Order as to their citizenship.

In summary:

1. Plaintiffs shall file a Rule 7.1 disclosure statement identifying each plaintiff's citizenship no later than **Wednesday, May 20, 2026.**

2. Defendants shall file an amended notice of removal no later than **fourteen (14) days** after Plaintiffs have filed their Rule 7.1 disclosure statement.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge

3