IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WESTON BASS, individually
and as parent of E.B., a minor, and PENELOPE BASS,

Plaintiffs,

v. No. 1:26-cv-1184-MLG-LF

MUHAMED RIDA and
C.R. ENGLAND INC.,

Defendants.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on the parties' Joint Motion for Court Approval of Confidential Settlement of Minor Plaintiff E.B.'s Claims, Doc. 33; Joint Motion for Approval of Minor Settlement Under Seal, Doc. 40; and Amended Joint Motion for Approval of Minor Settlement Under Seal, Doc. 46. The Honorable Matthew L. Garcia referred the motions to me to conduct a fairness hearing, submit an analysis, including findings of fact, if necessary, and recommend a final disposition. Doc. 34. I conducted a fairness hearing on October 20, 2026, and I recommend that the Court approve the settlement of this case for the minor child, E.B.

The Court reviews settlements involving minor children and incapacitated persons for fairness. *See Garcia v. Middle Rio Grande Conservancy Dist.*, 1983-NMCA-047, ¶ 30, 99 N.M. 802, 808, 664 P.2d 1000, 1006 ("In passing upon settlements dealing with claims or rights of minors, the court must determine whether the approval of a compromise would be in the best interests and welfare of the minor child."), *overruled on other grounds by Montoya v. AKAL Sec., Inc.*, 1992-NMSC-056, 114 N.M. 354, 838 P.2d 971; N.M. STAT. ANN. § 38-4-16

(settlement on behalf of an incapacitated person is "subject to the approval of the court in which the suit is pending").

The Court held a hearing[1] on October 20, 2026, to determine the fairness of the proposed settlement, and whether it was in the best interests of E.B., age 16, who was a passenger in a car being driven by his father, Weston Bass, that was involved in a vehicle accident involving two semi-tractor trailers, one of which was driven by defendant Muhamed Rida and owned by defendant C.R. England Inc. According to Mr. Bass and his lawyer, Mr. Bass was driving his car westbound on I-40 on April 16, 2025, near the Coors exit. Mr. Bass was in the furthest right through lane, and there was a semi-tractor trailer to his left, in the middle through lane. Mr. Rida was in the exit lane to Mr. Bass's right. Mr. Rida signaled and started merging into Mr. Bass's lane. Mr. Bass honked, but Mr. Rida continued to merge. Mr. Bass braked, but he still was pinned between the rear ends of both semi-tractor trailers. Mr. Bass's vehicle was caught briefly on the trailers, but his vehicle broke free, and he was able to merge to the right shoulder of I-40, where he stopped. The semi-tractor trailer to his left also stopped. Mr. Rida continued driving, but another driver was able to get a photo of his license plate. Mr. Bass called law enforcement, who responded to the scene.

Mr. Bass was driving the vehicle, and E.B. was in the front passenger seat. Mr. Bass's adult daughter, Penelope, was in the rear seat. Neither Mr. Bass nor his children were physically injured although they were each traumatized by the accident. None of them received any medical treatment as a result of the accident.

1 The parties agreed to forego a guardian ad litem due to the limited settlement at issue in this case. Doc. 40 at 2. The Court agrees that due to the amount of the settlement at issue, proceeding without a guardian ad litem is appropriate.

I have considered the evidence and argument presented at the hearing, the motions to approve the settlement, and the basic terms of the proposed settlement. I find that the proposed settlement meets the four factors set out in *Jones v. Nuclear Pharmacy, Inc*., 741 F.2d 322 (10th Cir. 1984) that the court considers when deciding whether to approve a settlement. These factors are: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." *Id.* at 324. I also find that the settlement is in the best interests of E.B. *See Garcia*, 1983-NMCA-047, ¶ 30, 99 N.M. at 808, 664 P.2d at 1006.

In late July of this year, after the parties exchanged information and conducted some investigation, defendants provided plaintiffs with an offer of judgment. *See* Doc. 29. Plaintiffs made a counter-offer in response, and after some negotiations, the case settled. During the negotiations, Mr. Bass discussed the proposed offer of judgment and the counter-offer with his lawyer, mostly by telephone and also by text and email. Mr. Bass was able to ask his lawyer questions, and his lawyer answered all his questions to his satisfaction. Mr. Bass understood that it was his decision whether to accept a settlement, both on his own behalf as well as on E.B.'s behalf. He was not pressured to accept a settlement, and he understood that he could continue to litigate the case on E.B.'s behalf. He also understood that if he continued to litigate the case, E.B. could get more or less than what he was getting through the settlement. Mr. Bass also understands that if he settles this case, he will release all of E.B.'s claims against the defendants, and that he cannot later seek additional money. Based on the evidence before me, I find that the settlement was honestly and fairly negotiated.

The parties assert, and I agree, that there are serious questions of law and fact which place the ultimate outcome of continued litigation in doubt. The primary issue in this case is the value of damages that plaintiffs might be able to recover, although defendants also contest liability. Because none of the plaintiffs were physically injured, and none received any treatment, the value of each plaintiff's loss is difficult to predict. Further, there is no assurance that any plaintiff would be able to recover punitive damages and/or attorney's fees. The facts could be viewed as a case of mere negligence, which would limit the plaintiffs' ability to recover substantial sums. To date, the attorneys have kept the costs of the litigation quite low, but if the litigation continued, the costs likely would escalate dramatically, which would reduce any recovery down the road. In short, the uncertainties relating to the amount of any recovery if the case proceeded to trial make clear that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation.

The total recovery in this case has been divided equally between Mr. Bass, E.B., and Penelope Bass. E.B. will pay his portion of the attorney's fees and costs from his settlement proceeds. *See* Doc. 46 at 3–4. The portion allotted to attorney's fees is 30 percent, which is lower than what is typical in personal injury cases. Mr. Bass has requested that E.B.'s settlement proceeds be placed in a restricted, federally insured 24-month certificate of deposit ("CD"), which provides a slightly higher interest rate than an 18-month CD. Mr. Bass understands that the proceeds may not be accessed by anyone other than E.B. absent further Court order, and that E.B. will only be able to access the funds after he turns 18 and after the CD matures. Mr. Bass explained that E.B. will not need the funds immediately upon his eighteenth birthday as the family has sufficient funds for E.B.'s continued education and other needs after

E.B. turns 18. Mr. Bass believes the settlement is fair and reasonable, and he would like the Court to approve the settlement.

Based on all the information and evidence before me, I find that the settlement proposed by the parties is fair and reasonable, the portion allotted to E.B. is fair and reasonable, the plaintiffs' attorney fees and costs are fair and reasonable, and the settlement is in E.B.'s best interests. I also find that Mr. Bass's proposal that E.B.'s settlement proceeds be placed in a restricted 24-month federally insured CD will protect E.B.'s interests and will safeguard the funds until E.B. turns 18 and is able to access the funds.

Based on the foregoing, I recommend that the Court find the *Jones* factors are satisfied and that it approve the proposed settlement agreement and the disposition of E.B's funds as outlined in the parties' Amended Joint Motion for Approval of Minor Settlement (Doc. 46). I also recommend that the Court approve Mr. Bass's plan to place the funds in a restricted, 24-month federally insured CD. The parties will have 14 days to object to these Proposed Findings and Recommended Disposition, but if they do not objection, they may file a notice to that effect. If Judge Garcia accepts this recommendation and approves the settlement, the Court will order closing documents within 30 days of approval.

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(C). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

Laura Fashing
United States Magistrate Judge